990 So.2d 1227 (2008)
McDONALD'S and Florida Hospitality Mutual Insurance, Appellants,
v.
Dilcia LOPEZ, Appellee.
No. 1D07-2739.
District Court of Appeal of Florida, First District.
September 23, 2008.
Hinda Klein of Conroy, Simbert, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, Hollywood, for Appellant.
Adrienne L. Hausser of DeVarona & Arango, Miami, for Appellee.
PER CURIAM.
The employer/carrier (E/C) challenge the Judge of Compensation Claims' (JCC) final order on four grounds. We affirm three of these grounds without discussion because competent, substantial evidence supports the JCC's findings of fact. As to the fourth ground for relief, the E/C argue that the JCC erred in awarding payment for more than twenty-four chiropractic treatments. We agree.
Claimant was injured on May 4, 2005, when she fell at work; she broke her wrist and elbow and hurt her back and complained of both at the hospital that day. However, the E/C authorized doctors only for her wrist and elbow. Claimant thereafter went to chiropractor Dr. Friedman approximately sixty times for back treatment and filed a petition for benefits seeking authorization for that treatment. Ultimately, the JCC found Dr. Friedman was authorized, in relevant part, by section 440.13(2)(c), Florida Statutes (2005), and he ordered the E/C to pay all of Dr. Friedman's past bills and Claimant's attorney's fees.
The JCC erred in awarding payment for more than twenty-four treatments with Dr. Friedman because there is no evidence that such extended treatment was authorized by the carrier. Under section 440.13(2)(c), the JCC is empowered to award only that care which is reasonable and medically necessary. Section 440.13(2)(a), Florida Statutes (2005), provides in part that "medically necessary treatment, care, and attendance does not include chiropractic services in excess of twenty-four treatments or rendered twelve weeks beyond the date of the initial chiropractic treatment, whichever comes first, unless the carrier authorizes additional treatment...." Consequently, Dr. Friedman's authorization would have lapsed after twenty-four treatments. For this reason, we reverse the award of payment for treatment with Dr. Friedman beyond the twenty-fourth treatment. The JCC's order is affirmed in all other respects.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
WEBSTER, LEWIS, and HAWKES, JJ., concur.